[No. 14081. Department One. — October 20, 1891.]

## G. A. CLARK ET AL., RESPONDENTS, v. W. A. TAYLOR, APPELLANT.

APPEAL — ERROR NOT SHOWN BY RECORD — DEMURRER. — Alleged error in sustaining a demurrer will not be considered upon appeal, where it does not appear from the record upon appeal that such demurrer was interposed or sustained.

MECHANIC'S LIEN — FORECLOSURE — CROSS-COMPLAINT FOR MONEY PAID — DEMURRER. — In an action to foreclose a lien for materials furnished for and used in the construction of a house for the defendant, a cross-complaint which alleges that the defendant, to avoid litigation, paid to the plaintiffs, upon a date prior to that upon which the complaint alleges the contract for the materials was made, a sum of money in excess of what was then due the plaintiffs for materials before that time furnished, and which asks judgment for the excess, does not set up a cause of action relating to or depending upon the contract or transactions upon which the action was brought, nor affect the property to which it relates, and is not authorized by section 442 of the Code of Civil Procedure, and a demurrer thereto is properly sustained.

ID. — ATTORNEY'S FEES UPON APPEAL. — A claimant of a mechanic's lien is entitled, upon the affirmance upon appeal of a judgment in his favor, to a reasonable sum for attorney's fees in the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Thomas J. Carran*, for Appellant.

Appellant's cross-complaint is clearly within the provisions of section 442 of the Code of Civil Procedure. It stated facts sufficient to entitle him to affirmative relief, and the court clearly erred in sustaining the demurrer. (See *Colton L. & W. Co.* v. *Raynor*, 57 Cal. 588; *Coulthurst* v. *Coulthurst*, 58 Cal. 239; *Collins* v. *Bartlett*, 44 Cal. 381; *Kreichbaum* v. *Melton*, 49 Cal. 55; Pomeroy's Remedies and Remedial Rights, sec. 806.)

*Wells, Monroe & Lee*, for Respondents.

The contention that the court erred in sustaining the demurrer to the amended answer and counterclaim of appellant cannot be inquired into, as the transcript fails to show that the answer or counterclaim, or either

of them, was demurred to, or that any demurrer thereto was sustained by the court. (*Waterman* v. *Smith,* 13 Cal. 418; *Thompson* v. *Patterson,* 54 Cal. 546, 547; *Boston* v. *Haynes,* 31 Cal. 107; *Buckman* v. *Whitney,* 28 Cal. 555; *Satterlee* v. *Bliss,* 36 Cal. 520; *Quivey* v. *Gambert,* 32 Cal. 306.) Taylor is estopped by his own allegations from impeaching the payment, for he avers as a consideration for such payment that he made it "to avoid threatened litigation." The compromise of a disputed claim is a good consideration, whether the claim be in suit or litigation has not been actually commenced, even though it would appear that the claim was wholly unfounded. The detriment to the party consenting to a compromise arising from the alteration in his position forms the real consideration which gives validity to the promise. (*Grandin* v. *Grandin,* 49 N. J. L. 508; *Hewett* v. *Currier,* 63 Wis. 386; *Lehman* v. *Shackleford,* 50 Ala. 437; *Hilborn* v. *Bucknam,* 78 Me. 482; *Emmons* v. *Scudder,* 115 Mass. 367; *Forrest* v. *Mayor,* 13 Abb. Pr. 350; *Stover* v. *Mitchell,* 45 Ill. 213; *Bradford* v. *Chicago,* 25 Ill. 349; 79 Am. Dec. 333; *Elston* v. *Chicago,* 40 Ill. 514; 89 Am. Dec. 361.) Mere threats are not coercion, and payment thereunder cannot be recovered back. (*Merrill* v. *Austin,* 53 Cal. 379; *De Fremery* v. *Austin,* 53 Cal. 380; *Taylor* v. *Boan,* 31 Pa. St. 73; 72 Am. Dec. 724.) An action will not lie to recover back money, although it was paid through a mistake as to his legal rights. (*Tupelo* v. *Beard,* 56 Miss. 532; *Phelps* v. *New York,* 112 N. Y. 216; *Heysham* v. *Dettre,* 89 Pa. St. 506; *Tooker* v. *Sloan,* 30 N. J. Eq. 394; *Comstock* v. *Tupper,* 50 Vt. 596.) The illegality of the demand made and paid constitutes, of itself, no ground for relief. There must be, in addition, some compulsion or coercion attending its assertion, which controls the conduct of the party making the payment. (*Maxwell* v. *San Luis Obispo,* 71 Cal. 467; *Brumagim* v. *Tillinghast,* 18 Cal. 271; 79 Am. Dec. 176.)

BELCHER, C. — This is an action to foreclose a lien for materials alleged to be of the value of $149.35, and to

have been furnished for and used in the construction of a house for defendant. The plaintiffs had judgment as prayed for, and the defendant appeals on the judgment roll.

Only two grounds are urged for a reversal of the judgment: 1. It is contended that the court erred in sustaining a demurrer to defendant's amended answer and counterclaim; and 2. That the court erred in sustaining a demurrer to defendant's cross-complaint.

1. It is not shown by the record that any demurrer was interposed or sustained to the amended answer and counterclaim. This point cannot, therefore, be considered.

2. We think the demurrer to the cross-complaint was properly sustained. The action was a proceeding in equity to foreclose a lien for materials alleged and found to have been contracted for on the seventh day of December, 1888, and to have been furnished between that day and the first day of January, 1889. The cross-complaint alleged that defendant, " to avoid threatened litigation," paid to plaintiffs, on the thirtieth day of November, 1888, a sum of money in excess of what was then due them for materials before that time furnished, and it asked judgment for such excess. The cause of action set up in the cross-complaint did not relate to or depend upon the contract or transaction upon which the plaintiffs' action was brought, nor did it affect the property to which the plaintiffs' action related. The cross-complaint was, therefore, not authorized by section 442 of the Code of Civil Procedure. Besides, the same matters were set up in the counterclaim, and under that pleading were properly cognizable.

Respondents ask, in case the judgment is affirmed, that they be allowed a reasonable attorney's fee in this court, citing section 1195 of the Code of Civil Procedure, which provides that in cases of this kind the court must allow " reasonable attorneys' fees in the superior and supreme courts." The respondents were allowed an attorney's fee in the court below, and they seem, under this section, to be entitled to one here.

We therefore advise that the judgment be affirmed, and that respondents be allowed a reasonable sum as an attorney's fee in this court.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed, and the court below is directed, upon the filing of the *remittitur* therein, to allow the plaintiffs, as a part of their costs on this appeal, a reasonable fee for the services of their attorney in this · court.

Hearing in Bank denied.