[No. 14747.   Department Two. — August 30, 1892.]

## SUSAN P. GREEN, ADMINISTRATRIX, ETC., RESPONDENT, v. ARTHUR THORNTON, APPELLANT.

ACCOUNT STATED — ADMISSION — NEW CONTRACT — ACTION. — An account stated is an agreed balance of account, which implies an admission that the account is correct, and that the balance struck is due and owing from one party to the others; and its effect is to establish *prima facie* the accuracy of the items without other proof, and to constitute a new contract, on which an action will lie.

ID. — ESTOPPEL — IMPEACHMENT FOR FRAUD OR MISTAKE — REOPENING ACCOUNT IN EQUITY. — An account stated does not operate as an estoppel, and may be impeached for fraud or mistake, and will be allowed to be opened and re-examined in a court of equity, if there has been any mistake, or omission, or accident, or fraud, or undue advantage by which the account stated is in truth vitiated, and the balance incorrectly fixed.

ID. — IMPEACHMENT OF SETTLED ACCOUNT OF SURVIVING PARTNER — CHARGE OF UNCOLLECTED NOTE — FAILURE OF COLLECTION — BREACH OF PROMISE BY AGENT OF ADMINISTRATRIX. — An account of a surviving partner with the estate of a decedent, though approved by the probate court, will be allowed to be reopened and impeached, in an action by the administratrix to recover the balance of the account as an account stated, where it appears that the surviving partner was not in fact indebted to the estate in any sum whatever, and that the balance with which he had charged himself consisted of one half of the amount of a note due to the partnership, which he was authorized to collect, and expected to be able to collect, but never succeeded in collecting, through no fault on his part, owing to the insolvency of the maker and loss of all of his property, and

that he was led to present the account as he did through reliance on unfulfilled promises made by an agent of the administratrix, that he would raise the money to enable the maker of the note to pay off the indebtedness.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*Louttit, Woods & Levinsky,* for Appellant.

*F. D. Nicol,* and *P. W. Bennett,* for Respondent.

BELCHER, C. — This is an action to recover the sum of $1,112.70, with interest thereon, alleged to be due plaintiff from defendant upon an account stated.

The material facts of the case are as follows: In 1881, L. D. Green, plaintiff's intestate, and the defendant purchased and had conveyed to them a certain tract of land. They paid for the land four thousand dollars, and to raise the money they borrowed from the Stockton Savings and Loan Society the sum of three thousand five hundred dollars, for which they gave to the society their promissory note, secured by a trust deed of the property. Thereafter Green occupied and managed the land until October 25, 1884, when they sold and conveyed the same to one C. H. Bailey for six thousand five hundred dollars. Of this sum Bailey paid to his grantors at the time one thousand dollars in money, and for the balance he gave them his promissory note for two thousand five hundred dollars, bearing interest at the rate of eight per cent per annum, and due two years after date, and a mortgage on the land to secure its payment, and undertook and agreed to pay the grantor's note to the Stockton Savings and Loan Society, on which there was then due and unpaid the sum of three thousand dollars.

In November, 1886, Green died intestate, and in December following, the plaintiff, his surviving wife, was duly appointed administatrix of his estate, and entered upon the discharge of her duties as such.

On the fifteenth of November, 1887, Bailey filed in the court having jurisdiction of the estate his petition, stating, among other things, that by reason of some inadvertence or error the deed executed to him by Thornton and Green had never been recorded and was lost, and that by reason of such loss he had no evidence of his title to the land purchased; that Thornton was ready and willing to execute and deliver to him a deed conveying all his interest in the said land; and that Mrs. Green, as administratrix, was ready and willing to convey to him all the interest of the estate in the said land, if she should be authorized so to do by the court. Wherefore he prayed that after notice and a full hearing as to the facts, a decree be made and entered authorizing and directing Mrs. Green, as administatrix, to execute to him a conveyance of all the right, title, and interest of the said L. D. Green, deceased, and of his estate in and to the said land.

Afterwards the matter came on for hearing, and on January 7, 1888, by consent of Mrs. Green, expressed in open court by her attorney, a decree was entered authorizing and directing her to execute to Bailey the conveyance asked for, and to release one half of the mortgage upon said land, " upon payment to her, as administratrix of the estate of L. D. Green, deceased, of the sum of $1,112.70, being one half of the sum now due and unpaid upon " said mortgage. The decree further directed that Bailey, before the delivery of the deed, execute and deliver to the administratrix and Thornton a written contract that he would pay the moneys due the Stockton Savings and Loan Society, as evidenced by the trust deed before mentioned. The clause above quoted was not in the decree, as it was drawn up by the attorney for petitioner, but was written in before it was signed by the attorney for Mrs. Green.

Before the petition was filed, Bailey was told by one David Winders, who, as the agent of Mrs. Green, had attended to all the affairs of the estate except its law business since her appointment as administratrix, that if he would file his petition and get deeds to the property,

he, Winders, could and would help him raise money by mortgage on the property sufficient to pay his note to Thornton and Green, and the amount due on their note to the Savings and Loan Society, and Bailey says that but for these representations he would not have applied at that time for the decree; and while the proceedings under the petition were pending, Winders also stated several times to the defendant that if Bailey succeeded in getting his decree and deeds, he could and would raise for him the money to pay off the entire indebtedness secured upon the land; and defendant says he relied upon these statements, and but for them he would not have made out the account sued upon. Defendant knew at that time Bailey's financial condition, and that he had no money to pay his note and mortgage, and no means of raising any except by a new mortgage on his land.

After the death of Green, the defendant always claimed and insisted that he and the decedent were partners in the purchase, management, and sale of the said land, and that the note given them by Bailey was partnership property. He also claimed that he had paid out and advanced for the partnership a considerable sum of money, and had a right to repay that sum to himself out of its assets. The plaintiff denied that any partnership had ever existed between her deceased husband and defendant, and insisted that one half of the Bailey note belonged to the estate of the deceased, free and clear of all claims of defendant against it. This condition of things continued up to about January, 1888, when defendant had drawn up and proposed to file in court a complaint against the plaintiff here, praying for a decree establishing the existence of the partnership, and for an accounting as to its affairs. When this fact was made known to the plaintiff, she admitted that a partnership had existed, and thereupon the defendant made out the account. here sued upon, and filed it in court. The account was headed:—

"In the matter of the estate of L. D. Green, deceased.

"Arthur Thornton, surviving partner of the firm of Thornton & Green, in account with Susan P. Green, as administratrix of the estate of L. D. Green, deceased."

It then credits Thornton with various sums of money paid out on account of the partnership, aggregating $967.14, and it debits him with $150, paid by Bailey as interest on his mortgage, with $405.84, "credit allowed Susan P. Green as administratrix, as per agreement with said Susan P. Green," and with $1,524, "one half of amount of note and mortgage due from C. H. Bailey." And it adds: "A. Thornton debtor to balance $1,112.70."

On January 14, 1888, the court made an order as follows: —

"In the matter of the estate of L. D. Green, deceased.

"Arthur Thornton, surviving partner of the firm of Thornton & Green, having heretofore filed in this court his final account as such surviving partner with Susan P. Green, the administratrix of said estate, all parties interested therein this twelfth day of January, 1888, appearing in open court and consenting thereto, on motion of P. W. Bennett, Esq., attorney for said administratrix and said estate, it is ordered that the said final account be and the same is hereby settled, allowed, and confirmed."

It turned out that Winders did not raise the money promised, or any part thereof, and Bailey did not pay to the defendant or plaintiff any part of the money due them, nor to the Savings and Loan Society any part of the money due it; but the society sold out his land under its trust deed, leaving Bailey insolvent, and his note to the parties here worthless.

Upon these facts the court below gave judgment for the plaintiff according to the prayer of her complaint. The defendant then moved for a new trial, and, his motion being denied, appealed from the judgment and order.

An account stated is defined by Bouvier to be "an agreed balance of accounts; an account which has been

examined and accepted by the parties." It implies an admission that the account is correct, and that the balance struck is due and owing from one party to the others. And its effect is to establish *prima facie* the accuracy of the items without other proof, and to constitute a new contract on which an action will lie. (*Auzerais* v. *Naglee*, 74 Cal. 60.) It does not, however, operate as an estoppel, and it may be impeached for fraud or mistake. Judge Story says: "If there has been any mistake, or omission, or accident, or fraud, or undue advantage, by which the account stated is in truth vitiated, and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive upon the parties, but will allow it to be opened and re-examined." (1 Story's Eq. Jur., sec. 523; and see 1 Wait's Actions and Defenses, 195.)

The question then is, Was the defendant entitled to have the account in suit opened and re-examined? It will be observed that when the account was made out, there was no claim by plaintiff that defendant was indebted to the estate in any sum whatever, and he was not in fact so indebted. He held the Bailey note, and was authorized to collect it, but without any fault on his part never succeeded in doing so. It was partnership assets, and if collected, a portion of the proceeds would have belonged and been payable to the plaintiff, but defendant was under no obligation, legal or equitable, to pay her any part of it, unless and until that event should happen. He then believed, from the statements of Winders, that the note would be paid in full, and acting on this belief, he seems to have rendered the account in pursuance of the provisions of section 1585 of the Code of Civil Procedure, for the purpose of adjusting the partnership affairs, and determining what part of the money due on the note, when paid, would go to the plaintiff. Under these circumstances, it seems neither reasonable nor just that defendant should be made to pay plaintiff money which evidently does not belong to her.

We think the defendant was entitled to impeach the account, and that the pleadings were sufficient to enable him to do so.

We therefore advise that the judgment and order be reversed and the cause remanded.

HAYNES, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded.

MCFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.