## CLARKSON v. HOYT.

### No. 14,716; March 26, 1894.

36 Pac. 382.

**Action on Note—Accounts—Reference.**—In an Action on a Note given for services for managing defendant's cattle ranch, where plaintiff simply introduced his note and rested his case, defendant's motion thereupon to have the court appoint a referee under Code of Civil Procedure, section 639, subsection 1, providing that, when an issue of fact requires the examination of a long account, the court may appoint a referee to decide the issue, was properly denied, the note implying a settlement of the account between the parties, and it not then appearing that the examination of a long account was necessary.

**Action on Note—Account—Amendment of Answer.**—In an action on a note given to settle a balance found due on a statement of accounts, the overruling of defendant's motion to amend his answer so as to attack the statement of accounts on the ground of fraud is not an abuse of discretion where the proposed amendment alleges the fraud only in general terms, without pointing out the facts which constitute it.

Action on Note—Defenses.—In an Action on a Note Given for a Balance found due on a settlement of accounts, where defendant failed to allege fraud in the account, his offer to show that plaintiff received money as his agent, for which he failed to account, was properly overruled.

APPEAL from Superior Court, Siskiyou County; Edward Sweeny, Judge.

Action by James F. Clarkson against Perry Hoyt on a promissory note. From a judgment for plaintiff and order denying defendant's motion for a new trial, defendant appeals. Affirmed.

H. B. Warren and Mesick & Maxwell for appellant; John V. Brown and H. B. Gillis for respondent.

BELCHER, C.—This is an action to recover the amount due on a promissory note for $1,969, given by defendant to plaintiff, and dated "Lakeview, Or., May 25, 1888."

The material parts of the answer are as follows: It is alleged that in 1880 defendant was a resident in Siskiyou county, California, and was the owner of two fully equipped stock ranches in Lake county, Oregon, and also of a large number of cattle, horses, mares and mules, and was then engaged in the business of stock-raising in that county and state; that in September, 1880, he employed the plaintiff, at an agreed salary of $40 per month, to take the sole care, management and control of all said real and personal property in Oregon, as the agent of defendant, and in his name and for his benefit to conduct the business of raising, caring for, and managing the stock of cattle, horses, and mules aforesaid, and to preserve and keep in good repair the said ranches, machinery, and all appliances used in said business, to purchase all necessary supplies and hire all necessary labor that should be required in conducting the said business, and to market, from time to time, as the same should become salable, said cattle, horses, and mules; that, pursuant to such employment, the plaintiff, on September 15, 1880, received into his possession, and took the entire and sole control, care and management of said real and personal property, and thereafter continued to have and exercise such control, care and management until December 15, 1888, when he resigned his position; that from time to time

during his employment plaintiff informed defendant that he did not wish to draw all of his salary, but preferred to leave the same in defendant's hands, drawing interest at the rate of seven per cent per annum, and that a portion of his salary did remain in defendant's hands until the 25th of May, 1888; that on said last-mentioned day, and while defendant was temporarily on a visit to plaintiff at Lakeview, Oregon, plaintiff demanded of defendant a settlement of all of his salary then unpaid, and defendant, then believing that he had faithfully discharged his duties as agent, and upon his representation that the full amount of $1,969 was due him on account of his salary and interest thereon to that date, executed and delivered to him the promissory note sued upon; "that said promissory note was so executed and delivered without any accounting or settlement between plaintiff and defendant as to the general business of plaintiff's said agency, and under the said representations by plaintiff to defendant that his said business was all in good condition, and under the belief by defendant that all of plaintiff's said representations were true"; that early in the summer of 1888, and after the execution of the said note, defendant commenced to investigate the true condition of his said property and business, and upon such investigation he for the first time learned that all of plaintiff's statements and representations were false, and "that the plaintiff had fraudulently and in violation of his said trust spent large sums of money belonging to the defendant for matters and things personal to himself, and entirely foreign to the necessary management and care of defendant's said property and business, and that he had from time to time sold and·otherwise disposed of a large number of defendant's said cattle, horses and mules, and rendered no account whatever thereof to the defendant, nor paid to defendant any of the profits of said sales"; that at the time of the execution of the said note the defendant was not indebted to the plaintiff in the sum named therein, or in any other sum or amount whatever, for salary due plaintiff, or the interest thereon, or otherwise, but that, on the contrary, the plaintiff was then, and now is, indebted to the defendant in the sum of fully $6,000; and that the said note was made, executed, and delivered as aforesaid without any consideration whatever. And the prayer was that plaintiff take nothing by his action. The

court below found against the defendant upon all the issues raised, and rendered judgment in favor of the plaintiff according to the prayer of his complaint, from which, and from an order denying his motion for a new trial, defendant appeals.

When the plaintiff had introduced in evidence his note and rested his case, the defendant moved the court to appoint a referee to take and report an accounting between plaintiff and defendant. The plaintiff objected, upon the ground, among others, that the parties had settled their accounts in full up to the date of the note, and the note was given for the balance then found due. The court denied the motion, and held that it was premature at that stage of the case; that under section 639, subsection 1, Code of Civil Procedure, a referee should not be appointed until it is made to appear that there is an issue of fact which requires the examination of a long account; and, also, that the execution of the note by defendant to plaintiff implied a settlement at that time. This ruling is assigned as error, but we think it clearly correct. The defendant was then called and sworn as a witness in his own behalf. It appears from his testimony that there were three settlements between the parties—one in November, 1883, one in October, 1885, and one in May, 1888—and that in making the last settlement plaintiff and defendant spent about a week in going over and examining all plaintiff's accounts concerning his agency business; that, as a result of such examination, a balance of $1,969 was found due from defendant to plaintiff, for which the note in suit was then given; and that defendant then understood that the accounting was full and complete. At the conclusion of defendant's testimony, he renewed his motion for the appointment of a referee. The plaintiff again objected, and the court denied the motion, holding that it could not be granted under the pleadings as they then stood. . The court said ''that defendant, having alleged that there had been no account stated, embracing the matters intrusted to plaintiff as agent, which allegation set forth in the answer is deemed in law to be denied, might have an accounting of those matters, if such allegation should be found to be true. But the evidence introduced by the defendant, pertinent to said matter, conclusively shows that there was an account stated, embracing the agency business, as well as plaintiff's claim for wages, that there was a balance struck, and that

defendant gave the note sued on for the exact amount of such balance, whereby he promised to pay it." There was obviously no error in this ruling. Thereafter the defendant moved the court for leave to amend his answer by striking out the part thereof which alleged that the said note was executed and delivered without any accounting or settlement between plaintiff and defendant as to the general business of plaintiff's said agency, and by inserting the following: "That settlements between these parties plaintiff and defendant in regard to the transactions of plaintiff's agency were had as follows: One about October 1, 1883, the next about October 1, 1885, and the last one about May 25, 1888. That defendant kept no books of account of the transactions of plaintiff's agency, and that said settlements were made upon such books and papers as plaintiff produced at such settlements, and that plaintiff at such settlements stated to defendant that such books and papers so presented by him at such settlements contained all the items of accounts of receipts and expenditures touching his transactions as such agent. That defendant shortly after said last-mentioned settlement, ascertained that the said statements of plaintiff were false, and that plaintiff's books of account and papers so presented at said settlement, and upon which said settlements were had and made, did not contain a full and complete statement of the items of such receipts and expenditures, and that plaintiff had received large amounts of money as herein stated, and which did not appear on plaintiff's said books or other papers at the times of such settlements, and of which defendant at such time and times had no knowledge, and that plaintiff had charged this defendant with large sums of money in said settlements, which were never received by said defendant, and of which defendant at such time and times had no knowledge."

The plaintiff objected to the amendment on the ground, in substance, that it admitted that there were three settled and stated accounts between the parties, the last settlement resulting in the giving the note sued on, and that, while it attempted to set up fraud on the part of the plaintiff for the purpose of having the account opened and re-examined, it failed to state the facts constituting the fraud specifically or sufficiently, but charged it only in general terms. The court sustained the objection, and this ruling is also assigned as error. The code

provides that "the court may likewise in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding": Code Civ. Proc., sec. 473. Applications to amend pleadings are addressed to the discretion of the trial court, and, while that discretion should be liberally and freely exercised to effect the ends of justice, orders granting or refusing such applications will not be disturbed on appeal unless it appears that the court abused its discretion: Emeric v. Alvarado, 90 Cal. 448, 27 Pac. 356; Wixon v. Devine, 91 Cal. 477, 27 Pac. 777. An account stated may be impeached for fraud or mistake (Green v. Thornton, 96 Cal. 67, 30 Pac. 965), but the burden is upon the party seeking to impeach it to set out in his pleading the particular facts constituting the fraud or mistake relied on. "It is not sufficient to aver fraud in general terms; the facts constituting the fraud must be alleged. This is held in many cases decided by this court. This course of decision commenced at an early date in this state": Spring Valley Waterworks v. City of San Francisco, 82 Cal. 321, 16 Am. St. Rep. 116, 22 Pac. 910, 1046, and see cases cited. "In defense to an action on a promissory note, it is not sufficient to plead in general terms want of consideration, and that the note was obtained by fraud. The answer should set out the circumstances under which the note was given, and point out the facts which constitute the fraud": Gushee v. Leavitt, 5 Cal. 160, 63 Am. Dec. 116. Here the offered amendment fails to point out particularly the facts constituting the alleged fraud of the plaintiff. It charges that the plaintiff, at the time of the settlements, made statements that the books and papers presented by him contained all the items of accounts of receipts and expenditures touching his transactions as such agent, and that defendant shortly after the last settlement ascertained that these statements were false, but it wholly fails to point out wherein or in what particulars they were false. It also charges that plaintiff had received large amounts of money which did not appear in his books or papers, and of which defendant at that time had no knowledge, but it does not say what amounts, or when or from what source they were received. It also charges that plaintiff had charged defendant with large sums of money which were never received by him, and of which at such time or times he

had no knowledge, but does not state what the sums were, nor under what dates they were charged, nor how defendant could have been ignorant at the time of the settlement as to the money charged to have been paid to himself. Such being the character of the proposed amendment, we do not think it can be said that the court abused its discretion in refusing to allow it to be filed.

The defendant next offered "to introduce evidence to prove that plaintiff in the month of July or August, 1883, as the agent of the defendant, sold and delivered to one J. H. Sherez twelve head of mules, the property of the defendant, at the price of one hundred dollars per head; that the said sale was never accounted for or included in the settlements made by plaintiff and defendant, and that said plaintiff represented to defendant that no such sale was made." The plaintiff objected to the offered evidence upon the ground that it appeared from the defendant's testimony that there had been three settlements between the parties since the date of the alleged transaction, and that, under the pleadings, the evidence was inadmissible to impeach and open up the settlements so made. The court sustained the objection, and the plaintiff excepted to this ruling. We think the ruling proper. The evidence was manifestly offered for the purpose of impeaching and reopening a settled and stated account on the ground of fraud. But this, as we have seen, could not be done under the answer as it was framed and stood when the offer was made. In our opinion the judgment and order appealed from should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.