[Civ. No. 1353.    First Appellate District.—July 3, 1914.]

UNION LUMBER COMPANY (a Corporation), Respondent, v. J. W. SCHOUTEN & COMPANY (a Corporation), Appellant.

ACTION FOR GOODS SOLD AND DELIVERED—PLEADING—AMENDMENT OF COMPLAINT SO AS TO ADD ANOTHER COUNT.—Where a complaint merely states an action for goods sold and delivered, an amendment thereof setting forth two causes of action, the first being identical with that pleaded in the original complaint, and the second alleging an account stated, that there was an error therein subsequently discovered amounting to the sum claimed to be due under the first cause of action, and praying for equitable relief and judgment for such sum, does not state a new and independent cause of action, since both causes of action have the same identical purpose.

ID.—AMENDMENT OF COMPLAINT—WHAT CONSTITUTES NEW CAUSE OF ACTION—TEST.—A new count, offered under leave to amend, must be consistent with the former count or counts, that is, it must be of the like kind of action, and such as might have been originally joined with the others. It must be for the same cause of action, that is, the subject matter of the new count must be the same as the old; it must not be for an additional claim or demand, but only a variation of the form of demanding the same thing.

ID.—STATUTE OF LIMITATIONS—AMENDMENT OF COMPLAINT.—Since both complaints in such case are for the recovery of the price of the same lot of goods, the action itself, irrespective of the theory on which the right to recover is based, must be regarded, so far as concerns the statute of limitations, as having been commenced when the original complaint was filed.

ID.—ACCOUNT STATED—OMISSION OF ITEM—ESTOPPEL.—If in such case the omission to include the amount sought to be recovered in the claim originally presented was due to an oversight and mistake, which was either mutual or suspected by the defendant, the account stated did not work an estoppel, and the court is warranted in surcharging the account. An account stated does not bar a recovery for items not within the contemplation of the parties when the settlement was made.

ID.—DEFINITION OF ACCOUNT STATED—CONCLUSIVENESS UPON PARTIES—OPENING AND RE-EXAMINATION.—An account stated is an agreed balance of accounts; an account which has been examined and accepted by the parties. It does not, however, operate as an estoppel, and it may be impeached for fraud or mistake. If there has been any mistake, omission, accident, fraud, or undue advantage, by which the account is in truth vitiated, and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive upon the parties, but will allow it to be opened and re-examined.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. O. Moncur, Judge presiding.

The facts are stated in the opinion of the court.

L. H. Brownstone, for Appellant.

Charles A. Strong, and Charles E. Wilson, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from the judgment and from an order denying its motion for a new trial.

These are the facts of the case: For several years prior to the eighteenth day of April, 1906, the plaintiff and defendant were engaged in the lumber business, plaintiff as a manufacturer, and defendant as a retailer in the San Francisco market. Prior to the eleventh day of April, 1906, the plaintiff had sold the defendant at various times large quantities of lumber, and on that date sold and delivered to it a further quantity amounting in value to the sum of $1121.06. June 9, 1906, the defendant, being unable to meet its obligations as they matured, made an assignment for the benefit of its creditors of its entire business. About the time of the assignment, the plaintiff presented its claim to the committee of creditors to whom the assignment had been made, for the sum

of $5553.53, which was $1121.06 less than the defendant actually owed plaintiff. This mistake and omission occurred by reason of the fact, so it was alleged and proved, that plaintiff's books were not completely written up or posted on said ninth day of June, 1906, owing to the confusion resulting from the fire and earthquake on the eighteenth day of April of that year. The creditors' committee paid plaintiff the sum of $5553.53, and thereafter, the plaintiff, learning of the mistake just referred to, and the defendant having again resumed control of its business requested of defendant payment of said sum of $1121.06, which payment the defendant having refused to make, this action was commenced, resulting in the judgment indicated.

The original complaint was for goods sold and delivered; and subsequently, a few months before trial, plaintiff, over an objection of the defendant, filed an amended complaint, setting forth two causes of action, the first being identical with that pleaded in the original complaint, and the second alleging an account stated, that there was an error therein, subsequently discovered, amounting to the sum claimed to be due under the first cause of action, and praying for equitable relief and judgment for said sum.

Defendant now asserts that permission to file the amended complaint containing the second cause of action should have been denied, for the reason, so it is stated, that it was wholly a new and different cause of action, and also for the reason that it appears that it was filed more than two years after the filing of the original complaint.

Neither of these objections is good. The amended complaint did not set up wholly a new and independent cause of action. Both causes of action were to recover the value of the same consignment of lumber, the charge for which, through an inadvertence, was omitted from the account as stated. Both causes of action had the same and identical purpose; hence the amended complaint cannot be held to have set forth a new cause of action. The authorities abundantly support this position. (*Born* v. *Castle,* 22 Cal. App. 282, [134 Pac. 347].) The test as to what constitutes a new cause of action is laid down in *Anderson* v. *Wetter,* 103 Me. 268, [15 L. R. A. (N. S.) 1003, 69 Atl. 110], as follows:

"The new count, offered under leave to amend, must be consistent with the former count or counts, that is, it must be of the like kind of action; and such as might have been originally joined with the others. It must be for the same cause of action, that is, the subject matter of the new count must be the same as of the old; it must not be for an additional claim or demand, but only a variation of the form of demanding the same thing."

As both complaints were for the recovery of the price of the same lot of goods, the action itself, irrespective of the theory on which the right to recover is based, must be regarded as having been commenced when the original complaint was filed. There is no merit therefore in defendant's point that the Statute of Limitations had run against the cause of action set forth in the amended complaint. (*Bogart* v. *Crosby and Van Haren,* 91 Cal. 278, 281, [27 Pac. 603]; *Smullen* v. *Phillips,* 92 Cal. 408–411, [28 Pac. 442].)

The evidence clearly sustains the view that the omission to include the amount herein sought to be recovered in the claim originally presented was due to an oversight and mistake, which was either mutual or suspected by the defendant. In either event, the account stated did not work an estoppel, and the court was warranted in surcharging the account.

An account stated does not bar a recovery for items not within the contemplation of the parties when the settlement was made. (*Waldron* v. *Evans,* 1 Dak. 11, [46 N. W. 607]; *Clarke* v. *Kelsey,* 41 Neb. 766, [60 N. W. 138]; *Pavie* v. *Noyrel,* 5 Mart. La. (N. S.) 92; *Fox* v. *Sturm,* 21 Tex. 407.)

"The account stated is defined by Bouvier to be 'an agreed balance of accounts; an account which has been examined and accepted by the parties. . . .' It does not, however, operate as an estoppel, and it may be impeached for fraud or mistake. Judge Story says: 'If there has been any mistake, or omission, or accident, or fraud, or undue advantage, by which the account is in truth vitiated, and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive upon the parties, but will allow it to be opened and re-examined.' " (*Green* v. *Thornton,* 96 Cal. 67, 71, [30 Pac. 965].)

Defendant's points that the books of account were improperly admitted in evidence, and that the court failed to find

on the third and separate defense, are without merit, and for that reason will not be discussed.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 31, 1914.