[Civ. No. 1815. First Appellate District.—May 9, 1916.]

ARTHUR G. ANNESLEY, Appellant, v. FRANCISCO MACHADO VICTURINO et al., Respondents.

PLEADING—AMENDMENT—STATEMENT OF SAME CAUSE OF ACTION.—In an action on a contract for the sale of real property where a demurrer was sustained to the first complaint, plaintiff thereafter filing an amended complaint in which he prayed that his title to the property be quieted, and upon a demurrer being sustained to this complaint, he filed a second amended complaint, setting up a cause of action for specific performance, it was error for the court to strike the latter complaint from the files on the ground that it embodied a new cause of action, where it appeared from the three pleadings that the cause of action was based upon an interest in the property in question created by the provisions of the contract of sale, the terms of which were set forth in full in each complaint, and which constituted the foundation of each cause of action attempted to be stated, the amendments only stating the facts in different forms to accord with the remedy which plaintiff conceived himself to be entitled, and not changing the cause of action.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Ross & Ross, for Respondents.

THE COURT.—This is an appeal from a judgment entered upon an order striking out plaintiff's second amended complaint.

In the original complaint it was alleged that on January 9, 1906, the defendants made a contract with plaintiff's assignor, Edgar L. Wheeler, wherein they agreed to sell to Wheeler the real property described in the complaint. The complaint was defective, and a demurrer thereto having been sustained the plaintiff filed an amended complaint, in which he prayed that his title to the property covered by the contract referred to be quieted. This complaint also was obviously defective, and, upon a demurrer thereto being sustained, the plaintiff in due time filed a second amended complaint, the allegations and prayer for relief of which make the action one for specific performance. Upon motion this complaint was stricken from the files on the ground that it embodied a new cause of action.

This appeal is not before us upon an order sustaining a demurrer to the second amended complaint, and hence no attention will be paid in this opinion to any suggested defective allegation thereof. We think the court erred in striking out this second amended complaint. It is clear from a consideration of the three pleadings filed by the plaintiff that his asserted cause of action is based upon an interest in the property in question created by the provisions of the above-mentioned contract, the terms of which are set forth in full in each of the complaints, and which constitutes the foundation of the action attempted to be stated. The subject of the controversy, or the cause of action, it thus appears, is the same in each pleading. The amendments only stated the facts in different forms to accord with the remedy to which the plaintiff conceived himself to be entitled, and did not change the cause of action. (*Born* v. *Castle,* 22 Cal. App. 282, [134 Pac. 347]; *Union Lumber Co.* v. *J. W. Schouten & Co.,* 25 Cal. App. 80, [142 Pac. 910].)

Judgment reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on June 7, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 6, 1916.