[Civ. No. 6625. First Appellate District, Division One.—July 24, 1929.]

C. A. BUDD, Appellant, v. WM. H. HOUGH et al., Respondents.

104

Knight, Boland & Christin for Appellant.

J. E. Rodgers, A. F. Bray and John McKean for Respondents.

THE COURT.— This is an appeal by plaintiff from an order denying his motion to vacate the judgment and

enter a different one upon the ground that the conclusions of law were incorrect, erroneous, and not consistent with nor supported by the findings of fact. No appeal was taken from the judgment, and consequently in that state of the record none of the facts of the case can be considered on this appeal except those embraced in the findings. (*Westervelt* v. *McCullough*, 68 Cal. App. 198 [228 Pac. 734].)

The action was one by plaintiff as assignee of C. A. Ricks to recover $1875 claimed to be due as real estate commissions. The complaint contained three causes of action. The first was based on a *quantum meruit*, the second on an express contract to pay the sum above mentioned, and the third on an account stated. The trial court found that defendants were indebted to Ricks in the sum of $875 less the sum of $500 which it found was due from Ricks to defendants, and judgment was entered in plaintiff's favor for the net sum of $375. With reference to the first and second causes of action, the court found that defendants became indebted to Ricks for work, labor and services performed, which was of the reasonable value of $875, and that defendants agreed to pay him that amount. And with reference to the third cause of action it found that there was no account stated ''whereby it was ascertained and agreed that defendants were indebted to said C. A. Ricks in the sum of $1875, but it is true that on each March 31, 1927, and on May 1, 1927, C. A. Ricks sent to defendants, regularly, through the United States mails, a statement setting forth that there was due him for services rendered from the defendants the sum of $1875; it is true that the defendants received each of said statements, and that they at no time communicated with said C. A. Ricks to the effect that said statements were inaccurate or not correct.''

Plaintiff contends that the specific facts found in the latter part of the foregoing findings nullified the preceding negative finding that there was no account stated, and were sufficient in themselves to establish an account stated; and that consequently he was entitled to judgment for the full amount stated in said account. However, it appears from other facts found by the court that Ricks' claim for commissions was based upon two written agreements, in printed form, entered into by defendants with a firm named Alder and Clark for the exchange of defendants' property, and

that in each agreement the space for the insertion of the sums to be paid as commissions was left blank. And with respect thereto it was alleged in the answer and found by the court that after said agreements had been signed Ricks, "without any authority and against the wish and consent of defendants inserted the figures '$1,000' in said blank" in one agreement, and the figures "$875" in the blank space in the other agreement.

■ As uniformly held, an account stated does not operate as an estoppel, but may be impeached for fraud or mistake; and if either of those elements is plead and the evidence adduced in support of the pleading proves that there has been any mistake, fraud or undue advantage, by which the account is in truth vitiated, and the balance incorrectly fixed, the account is not conclusive upon the parties. (*Union Lumber Co.* v. *J. W. Schouten & Co.*, 25 Cal. App. 80 [142 Pac. 910]; *Vaughan* v. *County of Tulare*, 56 Cal. App. 261 [205 Pac. 21]; *Gardner* v. *Watson*, 170 Cal. 570 [150 Pac. 994]; 1 Am. & Eng. Ency. of Law, 2d ed., 463.) Moreover, section 1700 of the Civil Code provides that the material alteration of a written contract by a party entitled to any benefit under it extinguishes all executory obligations of the contract in his favor against the parties who do not consent to the act.

■ Even assuming, therefore, as plaintiff contends, that the specific facts found as to defendants' failure to object to the account received by them through the mail would be sufficient in the absence of any qualifying facts to establish an account stated, it is evident that when the findings as a whole are considered in the light of the authorities above cited, the additional facts found as to the unauthorized alteration of the written agreements were not only legally sufficient to impeach the integrity of the account stated, but under the provisions of section 1700 of the Civil Code would have been sufficient also to justify the denial of any relief whatever founded on said altered agreements.

■ And it must be assumed that the foregoing was the view taken by the trial court, for, upon an appeal from an order denying a motion of this kind, any uncertainty in the findings must be resolved against the appellant and they are to be most strongly construed in favor of respondent. (*Spotton* v. *Dyer*, 42 Cal. App. 585 [184 Pac. 23].)

The order is therefore affirmed.