The People of the State of Illinois ex rel. John L. Ober-
hart, Appellee, v. Martin P. Durkin et al., Appel-
lants.

Gen. No. 38,450.

Opinion filed April 22, 1936.

OTTO KERNER, Attorney General, for appellants;
GEORGE C. McCARTHY, Assistant Attorney General, of
counsel.

PRESCOTT, BURROUGHS & TAYLOR, of Chicago, for ap-
pellee; PATRICK B. PRESCOTT, JR., of counsel.

MR. JUSTICE HEBEL delivered the opinion of the
court.

The respondents are here on appeal from a judgment entered in a mandamus proceeding wherein the court makes certain findings and directs that the respondents restore the relator to the position of Assistant Superintendent of Free Employment, Department of Labor of the State of Illinois, at Chicago, Illinois, and place the relator's name upon the payrolls of the State of Illinois and pay him his salary from January 26, 1933, until he is retired or removed as provided by law.

The petition was filed on July 24, 1933, in which it is alleged that the relator is a citizen of the United States and has been a resident of the City of Chicago for many years; that for 15 years and upwards last past he has been an employee in the State Civil Service as Assistant Superintendent of Free Employment in the Department of Labor of the State of Illinois; that on January 26, 1933, he was wrongfully and illegally discharged from said position and from said Department of Labor and from the Civil Service of said State, upon the written order of Barney Cohen, the then Director of Labor of said State of Illinois, without just cause for such discharge or removal set forth in writing; or without any charges whatsoever made against him; that on January 26, 1933, the relator received a letter by mail wherein it was stated:

"January 24, 1933.

"Dear Mr. Oberhart:

"This is to advise you that your services as Department Superintendent in the Chicago Free Employment Office will terminate at the close of official business Thursday, January 26, 1933.

"Yours very truly,

Barney Cohen,
Director of Labor."

That from that time thenceforth no reason has been given regarding his dismissal from his said employment, except the letter above quoted.

The petition further charges that relator from January 26, 1933, to date has been dropped from the payrolls of the Department of Labor; his name removed therefrom; that he has been prohibited from working in his accustomed place as Assistant Superintendent of Employment, at Chicago, despite his willingness and ability to perform his duties; that he has made demand on the said Department of Labor to restore him to his former position of Assistant Superintendent of Free Employment in said Department of Labor because he was a civil service employee of said State of Illinois; that he could be removed only according to law.

The petition further charges that the relator demanded of the Civil Service Commission of the State of Illinois that he be restored, and received a letter purporting to show that relator was not in the civil service of said State at the time of his dismissal; that he has been refused reinstatement to his former position by the Director of Labor of Illinois and by the Civil Service Commission; that relator has not received payment of the salary due and owing him from the date of his discharge, as provided for by the general assembly of the State covering the tenure of employment of relator as a civil service employee of said State.

The petition further charges that the dismissal of relator was contrary to the Statutes of Illinois, and is contrary to Ill. State Bar Stats. 1935, ch. 105, ¶ 394 (sec. 12 of ch. 24½, Smith–Hurd Rev. Stats. 1931).

It is further alleged that relator entered the Department of Labor on December 1, 1917, as a temporary employee, assigned to act as Assistant Superintendent of Free Employment in the Illinois Free Employment

offices in Chicago; that on January 18, 1919, he took a civil service examination for the position of Assistant Superintendent of Free Employment of Illinois, and passed the same; that he was placed upon the civil service eligible list for the position of Assistant Superintendent of Free Employment, Department of Labor of said State; that he was certified for the position by the Civil Service Commission, and on Nov. 7, 1919, he was appointed to that position by the then Director of Labor of Illinois; that he entered upon the duties of the position, and performed the duties faithfully and efficiently, and has continued in such employment since November 7, 1919.

For want of service upon the respondents named in the petition of the relator, no appearance was entered until June 20, 1934, when a general demurrer was filed for the respondents. Thereafter the petitioner took no steps in the cause until March 22, 1935, on which date leave was granted petitioner to amend the petition on its face by substituting certain parties as respondents, and it was ordered that the general demurrer theretofore filed stand as the demurrer of all the respondents whether served with summons or not. The cause came on for hearing on the demurrer, which was overruled, and on June 14, 1935, the final order and judgment was entered by the court directing that the writ of mandamus issue as prayed for.

The first question we will consider is the contention of the respondents that the material allegations of the petition are mostly conclusions; that the unexplained delay of petitioner in filing the petition, as well as service of summons upon the respondents, is sufficient to bar the alleged cause of action on the ground of laches.

From the face of this petition it appears that it was filed on July 24, 1933, and the appearance of these respondents was not properly filed, until June 20, 1934, when a general demurrer was filed on their behalf.

The relator in reply to the contention of the respondents questions the right of the respondents, who voluntarily entered their general appearance, to put the case at issue, and states that by their appearance they waived any claim of laches, because they should have moved to abate the summons and dismiss the petition.

As we understand the law, the question of laches or limitations may be raised if appearing on the face of the pleading questioned by demurrer. As we have indicated, there was a lapse of time between the filing of the petition on July 24, 1933, and the demurrer filed by the respondents and passed upon by the court on June 14, 1935. From the plea of the relator it is clear that this lapse of time was caused by failure to bring the respondents into court by service of summons. They were not in court until their appearance was entered by general demurrer filed on June 20, 1934, and they were not included as all the respondents until March 22, 1935, after the relator was granted leave to amend his petition and the order of the court that the general demurrer stand as to all the respondents whether served with summons or not.

The relief prayed for is not granted as a matter of right, but is largely within the discretion of the court, and the relator in exercising his right to question his dismissal as a civil service employee should do so within a reasonable time by filing his petition and by promptly putting his case at issue, and not delay as alleged in this case, and permit a temporary employee to be appointed in his place and receive the salary in payment of such services.

From an examination of the record it appears that the court directed the reinstatement of relator by the respondents, with the further direction that they be caused to pay to him a sum of money equal to the amount due him out of the monies appropriated by the general assembly as salary or emolument of said position as Assistant Superintendent of Free Employment,

Department of Labor of Illinois, at the rate of $150 per month from the 26th day of January, 1933, thenceforth up to the time when he shall be reinstated in said position.

Where a petitioner, as in the instant case, seeks by a writ of mandamus to be reinstated in a position and to recover compensation for services not performed by him and by reason of his delay permits another person to perform and to be paid for such services, has been considered in the case of *Kenneally v. City of Chicago,* 220 Ill. 485, wherein the Supreme Court quotes with approval from *People ex rel. Young v. Collis,* 39 N. Y. S. 698, as follows:

" 'Without considering or determining the other questions raised upon this appeal, it seems to us the order appealed from should not have been made by reason of the delay and laches on the part of the relator in demanding reinstatement in the office, from which he had been discharged, and in applying for a mandamus to compel such reinstatement, . . . It is manifestly unfair, where there is disagreement as to the propriety or legality of the discharge, that the relator should lie still, and allow another person to occupy the position from which he has been removed, and draw pay for his services therein, and, after more than four months has elapsed, that he should be allowed to have this remedy by mandamus to be reinstated in office, and recover compensation for services therein, which he has not performed, and which he has for a long time, without objection, permitted another person to perform, and be paid for.' "

There is nothing in this record to explain the delay of the relator in moving that the case be put at issue and determined at as early a time as possible. It is to be noted that he was discharged on January 26, 1933, and that he filed his petition on July 24, 1933, so that up to the time the final order was entered in this case the matter was not finally disposed of by the court until

June 14, 1935, a period of 29 months; that for this delay he seeks to recover $150 a month for a period of about 29 months, which would amount in the aggregate to the sum of $4,350. The relator seeks to avoid this delay by suggesting his inability to obtain service on these respondents, and that he attempted to avoid this by requesting the respondents' attorney to enter the appearance of these various parties. It may be that failure of the respondents by their attorney to enter their appearance was rather inconvenient for the relator, but they stood upon their legal rights that they should properly be in court by service of summons. However, there is nothing in the record that would sustain this position of the relator, and the case must be determined upon the record as it appears here in court. It is suggested by these respondents that the court could of its own motion have disposed of the matter for failure of the relator to prosecute said petition with diligence, and in support of their contention cite the case of *People v. Burdette,* 285 Ill. 48, wherein a petition for a common law writ of certiorari was involved, and the court said:

"We see no escape, under the above authorities, from holding that the relator was guilty of laches in not filing his petition within six months after his discharge. Furthermore, we do not see why defendant in error did not, after his petition was filed, push the hearing to a speedy decision. The petition was filed in the circuit court on March 25, 1915, the return was filed May 18, 1915, and the final order was not entered quashing the proceedings by the State Civil Service Commission until July 28, 1916, over fourteen months after the filing of said return. The authorities seem to hold that the common law writ of *certiorari* may be quashed for failure to prosecute it with diligence, even after the return is filed. (6 Cyc. 814; *Parman v. School Inspectors,* 49 Mich. 63; *Shepherd v. Sliker,* 31 N. J. L. 432; *State v. Superior Court,* 46 Wash. 169.) The mo-

tion to quash the writ of *certiorari* was made in the trial court November 25, 1915. Some suggestion has been made as to whether at that late date the trial court could quash the writ. There seems to be no decision in this State on this precise question. The general rule seems to be that the motion to quash the writ may be made and acted upon at any time when the court becomes satisfied that the writ should not have been issued. The dismissal in many of such cases is made by the court of its own motion and without a formal motion of counsel. (4 Ency. of Pl. & Pr. 249; 6 Cyc. 816; 11 Corpus Juris, 188.)'' See also *Beasley v. Pashea,* 267 Ill. App. 434.

We are of the opinion that the delay was not reasonable, and while the demurrer was overruled and the respondents elected to stand by the demurrer, we shall be obliged to reverse the judgment.

For the reasons stated the judgment is reversed and the cause is remanded to the trial court to enter an order not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.