[Civ. No. 12581.   Second Appellate District, Division Two.—December 31, 1940.]

CHARLES B. NEWBURY, Appellant, v. CIVIL SERVICE COMMISSION OF THE CITY OF LOS ANGELES et al., Respondents.

Walter S. Barrette for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Respondents.

McCOMB, J.—Petitioner appeals from an order of the trial court denying his motion pursuant to the provisions of subsection 1, section 663 of the Code of Civil Procedure to vacate and set aside the judgment of the trial court, denying his application for a writ of mandate to have respondents appoint him senior accountant in the office of the City Controller of the City of Los Angeles, and to enter a judgment in accordance with the prayer of his petition, on the ground that the judgment and conclusions of law are not consistent with or supported by the trial court's findings of fact.

■ Since this appeal is from an order made pursuant to the provisions of section 663 of the Code of Civil Procedure, we are confined in our review to a determination of whether the conclusions of law and judgment are consistent with and supported by the findings of fact (*Budd* v. *Hough*, 100 Cal. App. 103, 106 [279 Pac. 1074]; *Dahlberg* v. *Girsch*, 157 Cal. 324, 326 [107 Pac. 616]).

The essential facts are:

Petitioner filed an application for a writ of mandate requiring respondents to appoint him senior accountant in the office of the City Controller of the City of Los Angeles and also for the amount of salary which he would have received had he been appointed such accountant at the time he was entitled to the position.

The trial court found that on October 11, 1935, petitioner was senior accountant in the classified civil service of the city of Los Angeles and that his name was the only one upon the reserve list of the Harbor Department for senior accountant; that on or about October 25, 1935, a vacancy occurred in the position of senior accountant in the office of the City Controller, to which vacancy, under the rules of the Civil Service Commission, petitioner was entitled to be appointed, but that in lieu thereof another person who was not qualified or eligible therefor was appointed; that petitioner knew of the vacancy in the Controller's office in the first part of November, 1935, but did not make any investigation or inquiry at the office of the Civil Service Commis-

sioners relative to the vacancy to which he thought he was entitled until after August 1, 1937, nor did he protest to the Civil Service Commission or any other person the fact that another had been appointed to the position and was receiving the salary therefor until after August 6, 1937; and that after the last-mentioned date he proceeded with due diligence to demand from the Board of Civil Service Commissioners that he be appointed senior accountant in the office of the Controller. Finding VIII reads thus:

"It is not true that upon discovery of the alleged unlawful appointment of another to the position of senior accountant in the office of the City Controller petitioner made due demand upon the Board of Civil Service Commissioners that he be certified to such position and permitted to assume his duties as a permanent civil service employee in said position. He made such a demand but made it more than a year and a half after he had learned of the vacancy and the appointment of another to fill it."

Upon the foregoing findings the trial court predicated its conclusions of law as follows:

"I

"That petitioner was entitled to be certified and appointed Senior Accountant in the office of the City Controller on or about December 16, 1935. That, but for the conclusions hereinafter stated, petitioner would be entitled to judgment for damages against the respondents, and to a peremptory writ of mandate as prayed.

"II

"That petitioner's petition for damages or for salary and for appointment to a position in the classified service of the City of Los Angeles as Senior Accountant is barred by laches."

These are the questions presented for our determination:

*First: Was the conclusion of law of the trial court that petitioner's claim was barred by laches supported by the findings of fact?*

*Second: Was petitioner entitled to a judgment for damages because he had been wrongfully deprived of the office of senior accountant in the office of the City Controller if he was not entitled to a writ of mandate directing that he be placed in such position?*

The first question must be answered in the affirmative. The question of laches is in the first instance one for the determination of the trial court and its conclusion will not be set aside by an appellate court if such determination finds substantial support in the evidence (*Greenberg* v. *Du Bain Realty Corp.*, 27 Cal. App. (2d) 111, 118 [80 Pac. (2d) 537]). In the present case it is clear that the trial court's conclusion that petitioner's claim was barred by laches is substantially supported by the findings. For example, paragraph VIII of the findings discloses that petitioner waited for more than a year and a half after he knew that another had been appointed to the vacancy to which he was entitled before he made any demand that the position be given to him.

In *Hayman* v. *City of Los Angeles*, 17 Cal. App. (2d) 674, 679 [62 Pac. (2d) 1047], a case where petitioner was denied relief after he waited for more than nine months before taking action to obtain the position to which he was entitled, this court held petitioner's claim to be barred by laches. Mr. Justice Shinn, speaking for the court, says at page 680:

"It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for. It appears from the answer of defendants that ever since petitioner's discharge his position has been filled by one or more of the other city employees, and that there was at the time of the filing of the petition no vacant position in the department to which petitioner could be assigned. If petitioner should be reinstated, he no doubt would lay claim to the salary which he would have earned except for his discharge, or for so much thereof as he might be able to claim under charter provisions which require the filing of claims with the city within six months after the accrual of the demand. Whatever he might receive would be for services which he had not rendered but which had been performed by others, who had been compensated therefor. The city would thereby be prejudiced."

The second question must be answered in the negative. The law is established in California that a money judgment will not be rendered in a mandate proceeding when petitioner is denied an order directing that he be placed in the position he seeks (*Northrup* v. *Haynes*, 15 Cal. App. (2d) 665, 666

[59 Pac. (2d) 1056] ; *Coombs* v. *Smith*, 17 Cal. App. (2d) 454 [62 Pac. (2d) 380] ; sec. 1095, Code Civ. Proc.; *Brown* v. *Worthen*, 63 Kan. 883 [65 Pac. 255]).

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied on January 25, 1941, and appellant's petition for a hearing by the Supreme Court was denied on February 27, 1941. Carter, J., voted for a hearing.