[Civ. No. 6473.   Third Dist.—April 11, 1941.]

JOHN PACHECO, Appellant, v. FRANK W. CLARK, as Director of Motor Vehicles, etc., et al., Respondents.

Joseph Scott and John J. Jones for Appellant.

Earl Warren, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondents.

HELD, J., *pro tem.*—Appellant, on August 15, 1929, acquired civil service status as a Captain in the California Highway Patrol, and was assigned for duty to the county of Santa Clara. On February 19, 1932, he was dismissed from the service, which dismissal he contends was accomplished illegally and through fraudulent means. From a judgment denying him a peremptory writ of mandate directing the Director of the Motor Vehicle Department and the Chief of

the California Highway Patrol to restore him to his former position he appeals.

On December 22, 1931, one Thomas O'Brien filed with the Department of Motor Vehicles, Division of Enforcement, a verified complaint against appellant, wherein the latter was charged "with intemperance, and other failure of good behavior incompatible with and inimical to the public service of the State of California". Specific particulars of misconduct were set forth in the complaint, a copy of which was served on appellant. On December 26, 1931, he filed an answer denying the charges. The Chief of the Division of Enforcement, on January 12, 1932, designated a trial board of officers of rank equal or superior to that of appellant. A public trial was had at the court house in Salinas in the county of Monterey, on January 29, 1932, at which trial appellant was present and represented by counsel, and evidence was presented. On February 5, 1932, said trial board unanimously found petitioner "guilty of conduct unbecoming an officer and other failure of good behavior incompatible with and inimical to the public service of the State of California", and specifying the particulars of such misconduct. The findings of the trial board were submitted to the Chief of the Division of Enforcement, and the latter, on February 10, 1932, transmitted to the Civil Service Commission his decision, finding petitioner guilty and ordering his dismissal from the service. On February 19, 1932, the Civil Service Commission approved such decision. Appellant, on the 7th day of February, 1935, instituted a proceeding in the Superior Court for Santa Clara County, seeking to be reinstated in his position on the grounds now urged herein. That proceeding was later transferred to the Superior Court for the City and County of San Francisco. On August 26, 1936, appellant filed with the State Personnel Board (successor to the Civil Service Commission) an application for reinstatement, and at a meeting of that board held on December 29, 1936, a motion prevailed that petitioner be reinstated, in consideration of which action by the board appellant, on January 22, 1937, dismissed the *mandamus* proceedings then pending in the City and County of San Francisco. The State Personnel Board, on February 16, 1937, made an order awarding appellant the sum of $1500 as salary for the period that elapsed between his dismissal and his purported reinstatement. The

150

respondents having failed to assign appellant to a position as Captain in the Department, this action was filed on April 20, 1937.

██ Until repeal thereof in 1935 (Stats. 1935, p. 247), subdivisions m, n and o of section 360c of the Political Code (Stats. 1931, pp. 1044, 1045) provided for the trial of members of the California Highway Patrol charged with violation of section 14 of the Civil Service Act (Stats. 1929, p. 252). The statute provided that proceedings be instituted by the filing of a verified complaint; that the accused have a fair and impartial public trial and hearing before a trial board designated by the Chief of the Division of Enforcement, and to consist of three officers of rank equal or superior to that of the accused. The hearing was required to be held in the county in which the offense charged is alleged to have occurred and at a place designated by the Chief of the Division of Enforcement. The accused had the right to appear in person or by counsel. Findings of the trial board were required, and these were to be transmitted to the Chief of the Division of Enforcement for his decision, and thereafter to the Civil Service Commission for its approval.

The record here establishes a meticulous observance of the requirements of the statute, and appellant's contention that his dismissal was not legally accomplished cannot be sustained.

Nor do we find any merit in appellant's attack on the finding of the trial court that his dismissal was not effected by either fraud or bad faith on the part of the trial board or of the Director of the Department of Motor Vehicles, or of the Chief of the California Highway Patrol. The testimony of two witnesses, Dr. H. Dewey Anderson, and Honorable C. C. Cottrell, the legislative representative from the Assembly District wherein appellant resided, and who had actively interested himself in the case of appellant, is relied on by appellant to establish fraud. We find nothing, however, in the testimony of these witnesses that supports the allegations of the petition specifying the items of fraud there set out. On the contrary, the evidence produced by respondents is conclusive that no fraud existed in the proceedings. It was affirmatively shown that the members of the trial board entered upon the discharge of their duties without any prior opinion as to the merits of the case; that they were not approached by the Chief of the Division of Enforcement or any-

one else, nor given any instructions by anyone to find appellant guilty regardless of the evidence. An examination of the record compels the conclusion that appellant had a fair trial by an impartial trial board, not influenced by any extraneous circumstances. The finding of the trial court that the dismissal of appellant was not accomplished by fraudulent means is amply supported by substantial evidence. █ Even though two or more inferences could be reasonably deduced from the evidence, this court is without power to substitute its deductions for those of the trial court. (*Cummings* v. *Kendall*, 41 Cal. App. (2d) 709 [107 Pac. (2d) 460].)

█ Furthermore, assuming that appellant's action is based on fraud, this proceeding is barred by subdivision 4, section 338 of the Code of Civil Procedure. The order dismissing appellant was made on February 19, 1932. This proceeding was instituted on April 20, 1937, and the petition recites that the fraud alleged was not discovered within three years prior thereto. The trial court found this allegation to be untrue, and such finding is not attacked by appellant. If this proceeding is based upon a statute, it is barred by the provisions of subdivision 1 of section 338. (*Raymond* v. *Christian*, 24 Cal. App. (2d) 92 [74 Pac. (2d) 536].)

█ Respondents contend that petitioner is guilty of laches herein. It is settled that one who seeks the remedy of *mandamus* to compel his reinstatement to a Civil Service position from which he has been dismissed must act promptly. (*Hayman* v. *City of Los Angeles*, 17 Cal. App. (2d) 674 [62 Pac. (2d) 1047].) But the defense of laches involves more than the element of delay. It must appear that prejudice has resulted, and, if so, a satisfactory explanation for the delay is required. (*Brown* v. *State Personnel Board*, 43 Cal. App. (2d) 70 [110 Pac. (2d) 497].) The element of delay is present here, more than five years having elapsed between the dismissal of appellant and the date of the institution of these proceedings. As to prejudice resulting from the delay, it may be presumed, as was said by the court in *Hayman* v. *City of Los Angeles, supra,* "that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for. (*Curtin* v. *Board of Police Commrs.*, 74 Cal. App. 77 [239 Pac. 355].) The evidence

here shows that between the date of dismissal of appellant and the filing of the petition herein there was paid as salary to others filling the position the sum of $14,164.40, and thereafter and to the date of trial, on October 18, 1939, the further sum of $7,506.02. Petitioner lays claim herein to $1500 as compensation to December 26, 1936, and at the rate of $250 per month thereafter. Whatever he might eventually receive in the event of reinstatement would be for services which he had not rendered, but which had been performed by others, who had been compensated therefor. The element of prejudice to the state therefore appears herein. It remains to be seen whether a satisfactory excuse for the delay is shown. After his dismissal, appellant made several ineffectual attempts to interview the Director of Motor Vehicles to seek to obtain his approval of appellant's reinstatement. At no time, however, did he request Chief Cato to reinstate him, nor was he given any encouragement by anyone else until long after the time to institute legal proceedings had passed. Due to the efforts of Assemblyman Cottrell and the Santa Clara County delegation in the State Legislature on behalf of appellant, a legislative investigation of his case was had in 1936. Several conferences were held between various officers of the Department of Motor Vehicles and Mr. Cottrell, the latter acting in the interest of appellant. Chief Cato, however, at no time agreed to the reinstatement of appellant. And Director Ingels, in June, 1936, wrote to Mr. Cottrell: "I cannot understand why this matter was not taken to the courts immediately and settled instead of dragging on for these many years." At one conference, held in the latter part of July or early in August, 1936, at the request of Governor Merriam, there were present Governor Merriam, Director Ingels, Chief Cato and Mr. Cottrell. The Governor suggested a compromise of the controversy in which appellant was involved, and that an application for reinstatement be made by him. Pursuant to this suggestion, appellant, on August 23, 1936, four and one-half years after the order of dismissal was made, filed with the State Personnel Board an application for reinstatement, which application resulted in the action by the board heretofore stated. In our opinion neither the activities of appellant or of others in his behalf, during the time that elapsed between his dismissal and the institution of the present proceedings nor the filing of the *mandamus* proceedings in Santa

Clara County, nor the dismissal thereof, furnish a satisfactory excuse for the delay in seeking redress herein. The appellant was clearly guilty of laches.

■■ Nor are respondents estopped to urge the defense of laches by the circumstance that the dismissal of the earlier *mandamus* proceedings was made in consideration of the favorable action by the State Personnel Board on December 29, 1936. The doctrine of estoppel where the state is involved should not be lightly invoked. (*Taylor* v. *Spear,* 196 Cal. 709 [238 Pac. 1038] ; *Sacramento etc. Drainage Dist.* v. *Riley,* 194 Cal. 624 [229 Pac. 957].) Furthermore, if, as respondents contend, and we think correctly, the Civil Service Commission by its approval of appellant's dismissal on February 19, 1932, had exhausted its power to further act in the matter, the outcome of the earlier litigation could not have been otherwise than adverse to appellant. He therefore suffered no detriment by the dismissal of the proceedings.

Subdivision m of section 360c of the Political Code, in effect at the date of appellant's dismissal, provided that when the decision of the Chief of the Division of Enforcement is approved by the Civil Service Commission, it shall be final. Here the decision was so approved.

■ That an agency such as the State Personnel Board may not sit in review of its own orders, or vacate or annul them, in the absence of statutory authority, is well settled. In *Olive Proration Program Committee* v. *Agricultural Prorate Com.,* 17 Cal. (2d) 204 [109 Pac. (2d) 918], the court said:

"Almost without exception, courts have held that the determination of an administrative agency as to the existence of a fact or status which is based upon a present or past group of facts, may not thereafter be altered or modified."

And where the intention of the legislature is clearly to vest an agency with a continuing jurisdiction with power to alter or modify its orders, that fact must appear. As was said in the olive proration case above cited:

"Since all administrative action must be grounded in statutory authority, in the absence of a provision allowing a commission to change its determinations, courts have usually denied the right so to do."

To the same effect is the case of *Heap* v. *City of Los Angeles*, 6 Cal. (2d) 405 [57 Pac. (2d) 1323], and *Proud* v. *McGregor*, 9 Cal. (2d) 178 [70 Pac. (2d) 194].

■ Appellant contends that a legislative grant of continuing authority to the Civil Service Commission (now the State Personnel Board) is found in the language of section 14 of the Civil Service Act (Stats. 1929, p. 252) as it stood prior to its repeal in 1937. (Stats. 1937, p. 2112.) It was there provided that the decisions of the commission shall be final and not subject to review by any other tribunal. It is the contention of appellant that finality attended such decisions, only so far as another tribunal was concerned, and that this language expressly gave to the commission the power of review. We do not so construe this language. It merely deprives any other tribunal of that right, without a grant thereof to the State Personnel Board. It is questionable, too, whether in a case such as this, where the trial procedure is laid down by the Political Code for a particular class of public servants, the provisions of the Civil Service Act as to trial procedure have any application.

■ Section 14 of the Civil Service Act provided also that the tenure of one holding a position under the Civil Service Act shall be during good behavior, but such person may be removed, demoted, suspended, transferred to another position, reprimanded, or restored to his position. Appellant contends that the words "restored to his position" imply an intent on the part of the legislature to vest the Civil Service Commission with the power of review of its own decision removing one from his position. Those words clearly do not have that effect; they grant merely the power to restore one who has been suspended pending a hearing of charges, which suspension is authorized by section 14.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1941.