[Civ. No. 19516.   Second Dist., Div. Two.   Oct. 28, 1953.]

OLIVER K. JONES, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Kenny & Morris for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Alan G. Campbell, Assistant City Attorneys, and George William Adams, Deputy City Attorney, for Respondents.

FOX, J.—Petitioner was discharged on January 6, 1947, from the position of principal electrical inspector of the city of Los Angeles. His discharge was sustained by the board of civil service commissioners in the following May, and his demand for reinstatement was denied by the commission on June 26, 1947. His original petition for a writ of mandamus to compel his reinstatement was served on the president of the city council on November 26, 1947, and filed December 4, but was not presented to the court until October 7, 1948. He then obtained an alternative writ of mandate, returnable October 27th. The hearing on the alternative writ was continued from time to time until January 19, 1949, at which time respondents' demurrer was sustained, with 20 days to amend. No further action was taken until March 13, 1952, when an amended petition was filed by present counsel, who had just entered the case. During the intervening period no stipulation extending petitioner's time to amend was filed and no order extending such time was made. Respondents' demurrer to the amended petition was sustained without leave to amend. Petitioner appeals from the ensuing judgment of dismissal.

The only question requiring decision is whether petitioner's claim for reinstatement is barred by laches. The answer is clearly in the affirmative.

It will be noted that more than 10 months went by after petitioner served his petition on the president of the city council before he presented it to the court, and that more than 15 months elapsed from the time petitioner's demand for reinstatement was denied by the civil service commission before he presented his petition in the superior court. It was, however, more than three years after the respondents' demurrer to his original petition was sustained before he filed his amended petition. Thus it was in excess of four years from the time petitioner served his original petition until he filed his first amended petition.

The lapse of such a period of time shows that petitioner was not diligently prosecuting his claim for reinstatement in this important public position and therefore his amended petition was vulnerable to respondents' demurrer on the ground of laches. In *Wells Fargo etc. Bank* v. *Barnette,* 298 F. 689, 691, the court stated: "It is well settled that the mere institution of a suit does not of itself relieve from the charge of laches, and if there is failure of diligent prosecution of the suit the consequences are the same as though no action

had been begun." In *Willard* v. *Wood*, 164 U.S. 502, 525 [17 S.Ct. 176, 41 L.Ed. 531], the court pointed out that "The mere fact that the bill was left on the files would not, in itself, relieve from the effects of laches, for failure in diligent prosecution may have the same consequences as if no suit had been instituted." ■ It is, of course, true that laches involves . more than the element of delay. It is not so much the lapse of time as it is the prejudicial consequences of the delay that justifies the application of the doctrine. (*Hayman* v. *City of Los Angeles*, 17 Cal.App.2d 674, 680 [62 P.2d 1047].)

■ Considerations of public policy require that an employee of a public body who claims to have been improperly or illegally discharged must act with utmost diligence in asserting his rights. If he does not, prejudice from his delay will be presumed. In the Hayman case, where there was a delay of nine months in filing suit, during which time plaintiff had attempted to obtain reinstatement to his position by negotiation, the court stated (p. 680) : "It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for." See, also, to the same effect, *Pacheco* v. *Clark*, 44 Cal.App.2d 147, 151 [112 P.2d 67], and *Newbury* v. *Civil Service Com.*, 42 Cal.App.2d 258, 261 [108 P.2d 745].

■ Where long delay in taking necessary steps in the prosecution of an action for reinstatement to a public position appears from the record, it is incumbent on the petitioner, if he would avoid the effect thereof, to plead *facts* which explain or excuse his apparent lack of diligence. (*Hayman* v. *City of Los Angeles, supra.*) In *Campbell* v. *City of Los Angeles*, 47 Cal.App.2d 310, 315 [117 P.2d 901], it is said: "Unless facts be alleged which constitute a sound excuse for a delay of 15 months, such delay in commencing the action is absolutely indefensible. One must proceed with diligence who would compel his reinstatement to a civil service position from which he has been discharged. [Citation.] A delay of fifteen months after his discharge is so long as to deprive petitioner ·of all rights to equitable consideration. [Citations.]" Incidentally, it should be noted that a demurrer was sustained without leave to amend in the Campbell case as in the instant proceeding. The only explanation that petitioner gives for the long delays ·in the prosecution of this suit is that he and his attorneys have been "diligently" work-

ing on and preparing this petition and gathering necessary data therefor ever since September 20, 1947. This allegation is merely a conclusion and wholly insufficient to explain or excuse petitioner's long delays for it is completely devoid of any factual support.

Petitioner suggests that the city could have had judgment entered after the expiration of 20 days following the sustaining of the demurrer on January 19, 1949, to his original petition, and that the city also had its remedy by motion to dismiss under section 583, Code of Civil Procedure, but it did not pursue either of these remedies. He then seems to argue that the city's failure to act excuses his delays. But this is not true. There was no duty on the part of the city to act, but there was a duty on the part of petitioner to prosecute his suit for reinstatement with diligence and to excuse or explain his delays. This he has failed to do. He cannot justify such failure on the ground that the city did not avail itself of remedies which might have brought this matter to an earlier conclusion.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 24, 1953, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1953. Carter, J., was of the opinion that the petition should be granted.