In the Matter of Achille Peruzzin, Respondent, against Harold Z. Test et al., Constituting the Board of Supervisors of the County of Genesee, et al., Appellants.

Fourth Department, November 11, 1953.

*Albert E. Avery, County Attorney*, for appellants.

No appearance for respondent.

*Per Curiam.* The petition alleges that petitioner was appointed janitor of the Genesee County Building on February 1, 1951, after having qualified by passing a written civil service examination and having been certified for appointment by the County Civil Service Commission; that on August 25, 1951,

he was unlawfully discharged from the position; that no charges were ever preferred against petitioner and no hearing held on any alleged charges: that on August 14, 1951, petitioner received a letter from the custodian of the Genesee County Building "advising your Petitioner that his resignation from the position of janitor of the County Building had been accepted, effective August 25th, 1951." A copy of the letter was attached to the petition. The letter is as follows:

"In accordance with your statement that you will resign from your position of Janitor of the County Office Building effective August 18th, 1951, we have made the necessary arrangements to care for the Janitor work from August 18th.

"You are allowed seven days vacation therefore you will be carried on the payroll to and including August 25th 1951.

> (Signed) WM. A. HALE,
> *Building Custodian.*"

The petition then alleges that on April 8, 1952, petitioner notified the proper county authorities that he had been unlawfully discharged and requested that he be reinstated to his position of janitor. The various answers of respondents set forth that petitioner resigned as of August 18, 1951, and was given one week's vacation; that the position of janitor was thereafter abolished and no one has ever been appointed to the position of janitor held by petitioner prior to August 18, 1951, and that petitioner never asked for reinstatement until his letter of April 8, 1952. One of the supporting affidavits sets forth that petitioner returned the keys to the building on August 27, 1951.

The record contains no reply to the answers and supporting affidavits. The petition sets forth no ground for the delay in making the demand or commencing the proceeding.

We think the motion to dismiss the petition should have been granted. While the statute requires that the proceeding must be commenced "within four months after the * * * respondent's refusal, upon the demand of the petitioner * * * to perform his duty" (Civ. Prac. Act, § 1286) it has long been the rule in this department that petitioner cannot sleep on his rights for a long period of time and then revive his right to be reinstated to a position by making a new demand. (*Matter of Williams* v. *Pyrke,* 233 App. Div. 345; *Matter of Uphoff* v. *Roberts,* 244 App. Div. 596.)

It is clear that petitioner knew all the facts in August, 1951, that he knew in April, 1952, and that he was guilty of laches in failing to make the demand seasonably. The opinion in

*Matter of O'Connell* v. *Kern* (287 N. Y. 297) relied upon by petitioner's counsel is not to the contrary as there the petitioner had no knowledge of the facts which gave her a clear legal right to reinstatement prior to January, 1940, and commenced the proceeding within four months thereafter.

The order should be reversed and the motion to dismiss the petition granted.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law and facts, without costs of this appeal to any party and motion granted, without costs.