[Civ. No. 21005.   Second Dist., Div. Two.   Nov. 9, 1955.]

PATRICK J. CORCORAN, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Cryer & Jones, George E. Cryer and R. Alston Jones, for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and George William Adams, Deputy City Attorney, for Respondents.

McCOMB, J.—This is an appeal by plaintiff from a judgment of dismissal rendered after the sustaining without leave to amend of defendants' demurrer to the first amended complaint, in which plaintiff challenged the validity of an administrative order of defendant commission, removing petitioner from his position in the classified civil service in defendant city. It was alleged that the order was the result of excess of jurisdiction and an abuse of discretion. The complaint sought a peremptory writ of mandate commanding defendants to comply with plaintiff's demand, under section 112½ of the charter of the city of Los Angeles, for reinstatement in his position.

*Facts*: The amended complaint alleged that on June 18, 1952, and for many years prior thereto, plaintiff held and occupied the position of boilers and pressure vessels inspector in the classified civil service of defendant city; that on said date defendant commission discharged plaintiff from his position for alleged misconduct in the performance of his duty; that plaintiff filed with defendant commission an application for a hearing which was granted, and thereafter held, and on January 30, 1953, defendant commission

approved the recommendations of its examiner and entered its order discharging plaintiff from his position; on April 27, 1953, plaintiff filed a demand in writing with defendant commission for reinstatement in his position, in accordance with the provisions of section 112½ of the charter of defendant city, and that said demand was denied.

The instant action was filed September 1, 1954. The trial court sustained the demurrer on the ground that the amended complaint failed to allege any facts showing a reason for the delay in instituting the action and therefore laches barred plaintiff's alleged cause of action.

This is the sole question necessary for us to determine:

*Did the amended complaint show upon its face that plaintiff's cause of action was barred by laches?*

*Yes.* The situation with respect to laches is essentially the same in this case as in the case of *Hicks* v. *City of Los Angeles,* 133 Cal.App.2d 214 [283 P.2d 1046] (hearing denied by the Supreme Court). Counsel for plaintiff in the present case was also counsel for plaintiff in the Hicks case and contended there, as is contended here, that the doctrine of laches has no application where the plaintiff brings his action within the period of time accorded him by the statute of limitations. Counsel asserted that this court erred in its ruling with respect to laches. ■ By denying a hearing, the Supreme Court approved the following statement in the Hicks case, at page 219.

" 'Considerations of public policy require that an employee of a public body who claims to have been improperly or illegally discharged must act with utmost diligence in asserting his rights.' (*Jones* v. *City of Los Angeles,* 120 Cal.App. 2d 858, 861 [262 P.2d 37]; *Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310, 315 [117 P.2d 901].) In *Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674 [62 P.2d 1047], where there was a delay of nine months in filing suit, during which time plaintiff had attempted to obtain reinstatement to his position by negotiation, the court stated (p. 680): 'It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for.' (See also to the same effect, *Pacheco* v. *Clark,* 44 Cal.App.2d 147, 151 [112 P.2d 67], and *Newbury* v. *Civil Service Com.,* 42 Cal.App.2d 258, 261 [108 P.2d 745].) In the Campbell case, *supra,* it is said 'Unless facts be alleged which constitute a sound excuse for a delay of 15

months, such delay in commencing the action is absolutely indefensible' and deprives 'petitioner of all rights to equitable consideration.' (P. 315.)''

The existence of laches must be determined in accordance with the facts of each case. (*Wolpert* v. *Gripton,* 213 Cal. 474, 483 [2 P.2d 767].) In *Neet* v. *Holmes,* 25 Cal.2d 447 [154 P.2d 854], in which plaintiff delayed for two years after giving notice of rescission before commencing action to rescind a mining lease on the ground of fraud, but well within the applicable three-year period of limitations prescribed by section 338, subdivision (4), of the Code of Civil Procedure, the court in affirming the trial court's determination that plaintiff was barred by laches said, at page 460, that unlike the statute of limitations, laches does not require any specific period of delay, and ''Courts of equity will refuse relief even where the statutory time of limitation has not run, if in addition to mere passive neglect there is a showing of facts amounting to acquiescence in the acts complained of, or other circumstances which, coupled with the delay, render the granting of relief inequitable.''

Again in *Warfield* v. *Anglo & London Paris Nat. Bank,* 202 Cal. 345, our Supreme Court, at page 356 [260 P. 881], said: ''The application of the doctrine of laches is not dependent upon a delay of sufficient duration to call into operation the statute of limitations.'' (See also *Toomey* v. *Toomey,* 13 Cal.2d 317, 320 [89 P.2d 634].)

In *United States ex rel. Arant* v. *Lane,* 249 U.S. 367 [39 S.Ct. 293, 63 L.Ed. 650], where the relator waited 20 months before filing his petition for a writ of mandamus to compel his reinstatement to a position from which he had been discharged, the court said, referring to a writ of mandamus, at page 371: ''It is an extraordinary remedy, which will not be allowed in cases of doubtful right . . . and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches.''

With respect to actions brought by discharged public officers and employees to obtain reinstatement, it has been uniformly held that they must act with the utmost diligence in asserting their rights. If delay occurs, prejudice is presumed. In *United States ex rel. Arant* v. *Lane, supra,* at page 372, the court said: ''When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case,

obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible, and that two salaries shall not be paid for a single service." (See also *Peruzzin* v. *Test,* 282 App.Div. 550 [125 N.Y.S.2d 353, 355]; *Rotherham* v. *Grece,* 14 N.J.Misc. 164 [183 A. 291]; *People ex rel. Oberhart* v. *Durkin,* 285 Ill.App. 156 [1 N.E.2d 882]; *State ex rel. Martin* v. *Alford,* 203 La. 232 [13 So.2d 845].)

The decisions of the Supreme Court of this state which plaintiff cites in his opening brief do not support his assertion that the doctrine of laches has no application until the statutory period of limitations has run. In certain of the cases the Supreme Court held that under the facts presented there was no unreasonable delay and that actions brought within the period prescribed by the statute of limitations were therefore not barred by laches.

In *Estudillo* v. *Security Loan & Trust etc. Co.,* 149 Cal. 556 [87 P. 19], the Supreme Court held that plaintiffs had moved promptly and hence they could not be charged with lack of diligence. It then observed that whereas the period of limitation for relief on the ground of fraud was three years from the discovery of the fraud, plaintiff had commenced their action two years after its commission. The court then said, at page 565:

"There has been no laches. The period of limitation for actions for relief on the ground of fraud is three years from the discovery of the fraud. This action was commenced less than two years after its commission. The cases cited by respondent in which the complaint has been held bad for failure to show how and when the fraud was discovered and why it was not sooner discovered, were all cases in which the action was commenced more than the full period of limitation after the commission of the fraud. In such cases the doctrine of laches applies, but in a case like this the right to maintain the action is governed by the statute of limitations."

The court then proceeded to distinguish the cases cited by defendant to support its claim of laches, pointing out that those were all cases in which the action was commenced more than the full period after the commission of the fraud, and that in each of those cases the complaint had been held

bad for failure to show how and when the fraud was discovered and why it was not sooner discovered.

In *Lux* v. *Haggin*, 69 Cal. 255 [4 P. 919, 10 P. 674], the Supreme Court said that the term "laches" as used in reported cases does not always have the same meaning. It is employed as the equivalent of "mere delay," sometimes of "unreasonable delay" and also of "acquiescence." It is therefore important to consider the context in connection with which the term "laches" has been used by a judge in order to ascertain in what sense it is employed. (P. 270.) In the Lux case the court concluded that the evidence did not prove consent or acquiescence and that "if the question were submitted to a jury upon that evidence a verdict of assent could not be upheld." (P. 288.) ■ Of particular significance is the fact that the court pointed out that courts exercise their equity powers "independent of any statute of limitations" and that equity "will often treat the lapse of a less period as a presumptive bar, on the ground of discouraging stale claims or gross laches, or unexplained acquiescence." (P. 269.)

■ In *Victor Oil Co.* v. *Drum*, 184 Cal. 226 [193 P. 243), the court observed that "mere delay in bringing an action for time less than the period of limitation does not amount to laches," adding that "there must be also present the element that the delay has been to the prejudice of the opposite party." (P. 242.) This principle has been fully recognized by the District Court of Appeal. In *Hayman* v. *City of Los Angeles*, 17 Cal.App.2d 674, at page 680 [62 P.2d 1047], the court says:

". . . But the defense of laches involves much more than the element of delay. It is not the lapse of time so much as it is the consequences of the delay which goes to make up the defense of laches. Unless prejudice results from the delay the defense is not established, but if prejudice has resulted, the one whose prompt action would have forestalled it can void the responsibility only by showing that he sought his remedy promptly. It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for." (See also *Kimberlin* v. *Los Angeles City High Sch. Dist.*, 115 Cal. App.2d 459, 463 [252 P.2d 344].)

In the instant case the delay of plaintiff in bringing his action was considerably longer than in the Hayman case

[9 months], *supra,* or the Kimberlin case [12 months], in *Donovan* v. *Board of Police Comrs.,* 32 Cal.App. 392 [163 P. 69] [15 months], or *Campbell* v. *City of Los Angeles,* 47 Cal. App.2d 310 [117 P.2d 901] [15 months] which is cited and quoted with approval in *Jones* v. *City of Los Angeles,* 120 Cal.App.2d 858, 861 [262 P.2d 37]. The discharge of plaintiff herein was sustained by the civil service commission on January 30, 1953, and his demand for reinstatement was filed on April 27, 1953.

In the absence of an allegation to the contrary, of which there is none in the present case, it must be assumed that the demand was denied promptly.  ■  The original complaint was filed September 1, 1954.  It therefore appears that plaintiff waited 19 months from the date on which his discharge was sustained, and approximately 16 months from the date on which his demand for reinstatement was denied before instituting this action.  Under the authorities cited plaintiff's cause of action is barred by laches in view of the fact that his amended complaint is devoid of any allegations which would excuse or explain the delay.  Therefore laches was a matter for the trial court to determine on demurrer from the face of the complaint.  (*Neet* v. *Holmes,* 25 Cal.2d 447, 460 [154 P.2d 854]; *Hicks* v. *City of Los Angeles,* 133 Cal.App.2d 214, 268, 273 [283 P.2d 1046]; *Jones* v. *City of Los Angeles,* 120 Cal.App.2d 858 [262 P.2d 37].)

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.