Owen McG-ivern, J.
This is an article 78 (Civ. Prac. Act) proceeding seeking an order directing the Commissioner of Licenses to reinstate petitioner’s license as a public porter.
The petition alleges that he was licensed in 1938 and that in 1940 or 1941 his license was suspended, after a hearing before *563 respondent’s predecessor, for violation of a rule, and that such rule was declared void by this court in 1957. It is further alleged that reinstatement of the license was demanded in May, 1960 and has in effect been refused since no action was taken on the demand.
This proceeding was instituted July, 1960, within less than four months after the demand, but almost a score of years since the suspension.
Respondent pleads three affirmative defenses. The first is founded on section B32-106.0 of the Administrative Code of the City of New York. That section prohibits the issuance of new licenses as public porters, and authorizes the issuance of renewal licenses only if the applicant applies therefor before his current term expires. It is alleged that petitioner has not applied for a license for six years and that to grant the relief herein requested would be tantamount to the issuance of a new license in violation of the Administrative Code.
The second defense is founded on the Statute of Limitations (Civ. Prac. Act, § 1286). That section requires that an article 78 proceeding to review a determination must be brought within four months after the determination becomes final and that a proceeding to compel the performance of a duty imposed by law must be brought within four months after demand and refusal to perform that duty. (See Austin v. Board of Higher Educ., 5 N Y 2d 430, 442 [1959].)
The third defense is one of loches.
In order to determine whether the Statute of Limitations is a bar, it is necessary to decide if this proceeding is one to review the determination made 20 years ago or to compel the performance of a continuing duty. Petitioner argues that the proceeding is of the latter nature and that the statute does not run where the determination is illegal. The sole authority cited by his counsel is Matter of Gallo v. Kennedy (154 N. S. Y. 2d 171 [1956]). Unfortunately, he failed to state that the case was unanimously reversed by the Appellate Division (4 A D 2d 505 [1st Dept., 1957]) and that such reversal was unanimously affirmed by the Court of Appeals (4 N Y 2d 949 [1958]). In its Per Curiam opinion, the Appellate Division said (pp. 506-507): “ The termination by the appellants of petitioner’s services was an affirmative act involving an exercise of judgment and discretion within the meaning of subdivision 2 of section 1284 of the Civil Practice Act. Even were it improper, it constituted a final determination and the theory of a continuing wrong is not applicable. The petitioner’s-right to review was limited to a four-month period following the effective date of his dis, *564 charge. (Civ. Prae. Act, § 1286; Matter of Alliano v. Adams, 2 A D 2d 532.) Accordingly, the order of Special Term should be reversed and the petition dismissed.”
In the instant case, the petition alleges that there was a hearing and determination by respondent’s predecessor. The foregoing ruling of the Appellate Division is therefore applicable and this court is therefore constrained to hold that this proceeding is one to review a determination made some 20 years ago and is therefore barred by section 1286 of the Civil Practice Act.
Even if the defense of the Statute of Limitations were not a bar, the petition would have to be dismissed on the ground of loches. In Austin v. Board of Higher Educ. (5 N Y 2d 430, 442, supra), Chief Judge Conway said: “Accordingly, while it is not necessary to make a demand and await a refusal before bringing a proceeding in the nature of certiorari to review, it is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus and in the latter type of proceeding the Statute of Limitations does not run out until four months after the refusal (22 Carmody-Wait, New York Practice, § 289, pp. 378, 379). This does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with loches (22 Carmody-Wait, New York Practice, §§ 289, 297, pp. 379, 388-390). In this connection it is noteworthy that it has been specifically held that delay on the part of one removed from office in demanding reinstatement, for which there is no excuse, constitutes loches which is a good defense to his proceeding under article 78 (Matter of Peruzzin v. Test, 282 App. Div. 550).”
In the instant case, even if it be assumed that there was a continuing duty on the part of respondent’s predecessors to reinstate petitioner’s license, petitioner could have made a demand and brought this proceeding at any time after his license was suspended. The declaration by this court of the nullity of the rule which petitioner was found to have violated was not a prerequisite to the institution of a proceeding by petitioner; such a determination could have been made in petitioner’s proceeding. Accordingly, the petition is dismissed.